# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**BEIERSDORF, Inc., et al.,**

                      Plaintiffs,

         **-vs-**
                                           **Case No. 07-C-888**

**INTERNATIONAL OUTSOURCING
SERVICES, LLC, THOMAS BALSIGER,
BRUCE A. FURR, STEVEN A. FURR,
LANCE A. FURR, WILLIAM L. BABBLER,
OVIDIO H. ENRIQUEZ, DAVID J. HOWARD,
JAMES C. CURREY, HOWARD R. McKAY,**

                      Defendants.

---

## DECISION AND ORDER

---

On Friday, May 9, Plaintiffs (Beirsdorf, Inc., et al) filed a motion for a temporary restraining order seeking to enjoin the sale of International Outsourcing Services, LLC's ("IOS") coupon processing business and related assets. The Court denied the motion, but indicated that it would consider Plaintiffs' motion as seeking preliminary injunctive relief. IOS responded to the motion, and the Court conducted a telephonic hearing on Monday, May 12.

The Court examines the following factors to determine whether it should grant injunctive relief: (1) whether the plaintiff has a reasonable likelihood of success on the merits; (2) whether the plaintiff has an adequate remedy at law or will be irreparably harmed; (3) whether the threatened injury to the plaintiff is outweighed by the harm the issuance of

injunctive relief will inflict on the defendant; and (4) whether the granting of injunctive relief will harm the public interest. *See Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

As the parties are well aware, this matter relates to an alleged fraudulent scheme involving coupon processing. IOS is being sued in this civil action by the alleged manufacturer-victims of this fraudulent scheme under the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). IOS was previously under criminal indictment, but was dismissed from the case, although the criminal proceedings are ongoing.

IOS is on the verge of selling its coupon processing business and related assets.[1] This case is in the pleadings stage, so Plaintiffs stand as contingent, unsecured creditors with respect to IOS's assets. Still, Plaintiffs seek to block the sale as an effort by IOS to hide its assets from any potential judgment Plaintiffs might eventually recover.

The Court is without authority to issue such an injunction. A district court cannot issue a preliminary injunction preventing a party from disposing of its assets pending adjudication of a claim for money damages. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). A claim for damages past due under a contract or statute is generally a legal claim, not an equitable claim.[2] For "restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession."

---

[1] The sale is tentatively scheduled to take place between Wednesday, May 14 and Friday, May 16.

[2] One court applied the rule of *Grupo Mexicano* to a claim for damages under the RICO statute. *See OSRecovery, Inc. v. One Groupe Intern., Inc.*, 305 F. Supp. 2d 340, 347-48 (S.D.N.Y. 2004).

*Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002). Plaintiffs do not seek any form of equitable relief.

While a claim under the Uniform Fraudulent Conveyance Act[3] might be an exception to this general rule, *see Grupo Mexicano*, 527 U.S. at 324 n. 7, Plaintiffs assert no claim for fraudulent conveyance. And while Plaintiffs posit that they will amend their complaint to assert such a claim, they offer only conjecture to even suggest that the proposed transfer is fraudulent. Plaintiffs seek to block the sale while they seek discovery to establish what is now only conjecture. Therefore, any potential claim for fraudulent conveyance is not even ripe for adjudication, and the Court is without authority to provide the relief sought.

If the Court had authority to act, the following facts have been presented. IOS offers evidence indicating that the proposed sale is an arms-length transaction, not a fraudulent conveyance. IOS is a financially distressed business operating under the cloud of a criminal indictment. The pending transaction involves the sale of IOS's coupon division to ProLogic Redemption Solutions, Inc., an affiliate of Marlin Equity Partners. The nature of the IOS asset is changing from a data services and coupon redemption business to a data services business with a warrant from ProLogic representing possible future value in the coupon business that will be run by ProLogic. (Declaration of Sean Gumbs, ¶ 9, D. 126). The proposed sale is actually being accomplished to present the best opportunity for recovery by all creditors – secured, unsecured or contingent (like IOS), because without the sale IOS is likely to face foreclosure. (*Id.*, ¶ 8).

---

[3] IOS is an Indiana LLC, and Indiana has adopted the Uniform Fraudulent Transfer Act. *See* Ind. Stat. § 32-18-2-14.

-4-

Ultimately, while the assets of IOS are being restructured, IOS will not become judgment-proof as against contingent, unsecured creditors. Therefore, Plaintiffs will not be irreparably harmed by the proposed transaction. Plaintiffs also retain an adequate post-sale remedy at law for fraudulent conveyance. Finally, if the Court were to issue an injunction blocking the sale, IOS could be irreparably harmed by the potential lost opportunity to salvage its business through a sale which had its genesis in a marketing process begun in June of 2007. Such harm outweighs Plaintiffs' nebulous interests as unsecured, contingent creditors.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Plaintiffs' motion for a preliminary injunction [D. 117, 124] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2008.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**